UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

LOUISIANA CRAWFISH PRODUCERS                    CIVIL ACTION No. 6:10-cv-348
ASSOCIATION – WEST, ET AL

VERSUS                                          JUDGE REBECCA F. DOHERTY

AMERADA HESS CORP.                              MAGISTRATE JUDGE HANNA

*Report and Recommendation*

Before the court are the following Motions for Summary Judgment:

| | |
|---|---|
| Doc. 191 | by Anadarko Petroleum Corp., Bridgeline Holding LP, El Paso Field Services LLC, Enterprise Lou-Tex Propylene Pipeline LP, Enterprise Products Co., Exxon Mobil Corp., Florida Gas Transmission Co. LLC, Hess Corp., Hilcorp Energy Co., Hunt Oil Co., Kerr McGee Federal Ltd Partnership I 1981, Sorrento Pipeline Co., Southern Natural Gas Co., Texaco Pipelines LLC, Union Oil Co. of California |
| Doc. 193 | by Concha Chemical Pipeline LLC, Shell Pipeline Co.LP |
| Doc. 196 | by Denbury Resources, Inc. |
| Doc. 200 | by Conoco Phillips Co., Louisiana Land & Exploration Co. |
| Doc. 205 | by TIG Speciality Insurance Co. |
| Doc. 212 | by Dow Chemical Co., Dow Intrastate Gas Co. |
| Doc. 213 | by Willbros Construction(US) LLC |
| Doc. 216 | by Liberty Mutual Insurance Co. |
| Doc. 218 | by Energy Insurance Mutual Ltd. |
| Doc. 223 | by Hartford Accident & Indemnity Co., Hartford Casualty Insurance Co., Hartford Fire Insurance Co., Hartford Insurance Co., Hartford Underwriters, Hartford Underwriters Insurance Co., New England Reinsurance Corp., Twin City Fire Insurance Co. |
| Doc. 225 | by Arrowood Indemnity Co. |
| Doc. 233 | by Concha Chemical Pipeline LLC, Shell Pipeline Co. LP |

The referenced motions were taken under advisement by Order issued on March

16, 2011. [Doc. 269]   All of the motions seek dismissal of the plaintiffs' claims on the

basis that maritime law does not provide them a remedy pursuant to *Robins Dry Dock &*

*Repair v. Flint*, 275 U.S. 303, 48 S.Ct. 134, 72 L.Ed. 290 (1927), primarily because none of the plaintiffs can demonstrate economic losses caused by damage to anything in which they have a proprietary interest.  The plaintiffs argue that the "commercial fishermen" exception to the *Robins* rule should be extended to them, to which the defendants counter that the exception either (a) does not exist or, (b) if it does exist, it does not apply in the context of this case.

Other motions were taken up raising the prohibition of "group or enterprise" liability under maritime law, and in conjunction with the review of those motions, this Court was unable to determine whether a maritime tort was sufficiently pled as the factors to support maritime jurisdiction must be satisfied in order for a maritime tort to exist.[1]

This case was removed to this court on the jurisdictional basis of 9 U.S.C. § 205, and after extensive briefing by the parties, the undersigned found the court does have subject matter jurisdiction (Rec. Doc. 140). However, the only claims the plaintiffs can possibly have are those that would be based on maritime law as all of the state law claims have been dismissed by the state court, and that judgment is now final.[2]  In the opinion of the district court, which went to the Louisiana Third Circuit Court of Appeal, the court

---

[1]     See the *Report and Recommendation* of the undersigned found at Rec. Doc. 263.

[2]     *Louisiana Crawfish Producers Association-West v. Amerada Hess Corporation*, 2005-1156 (La. App. 3 Cir. 7/12/06), 935 So.2d 380, 382-383, 385, *writ denied*, 2006-2301 (La.12/8/06), 943 So.2d 1094.

reserved to the plaintiffs any claims they may have under general maritime law.[3]  Given the procedural posture of the case as it stood from the state court pleadings, the Court granted leave for the plaintiffs to amend their complaint to set out the factual basis for each of the plaintiffs' claims and the elements of maritime jurisdiction. Since that date, Plaintiffs have filed a Fifth Supplemental and Amended Complaint [Doc. 280] that is approximately 175 pages long with over 400 allegations.

In response to the Fifth Supplemental and Amended Complaint, multiple motions to dismiss  were filed/adopted by the defendants pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [Doc. 328-333] The Motions to Dismiss raise threshold issues regarding the existence *vel non* of a maritime cause of action which raise the specter of maritime jurisdiction.  Thus, although the court has subject matter jurisdiction, because the existence of maritime jurisdiction is dispositive of all the issues in the case, it is recommended that the Motions for Summary Judgment pertaining to proprietary interests are denied as premature, without prejudice to the rights of defendants to re-urge the motions in the future as/if appropriate once the motions to dismiss are resolved.

**IT IS THEREFORE RECOMMENDED** that the motions for summary judgment, Rec. Docs. 191, 193, 196, 200, 205, 212, 213, 216, 218, 223, 225 and 233 be **DENIED**, without prejudice to the rights of the defendants to re-urge.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties

---

[3]        Rec. Doc. 162-2.

aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or responses to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir.  1996).**

Signed in Lafayette, Louisiana, this 4th  day of August, 2011.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)

4